UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JANOIKO,<br><br>        Plaintiff,<br><br>   v.<br><br>MARINA MARCHAK, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00652-CDB (PC)<br><br>ORDER REQUIRING DEFENDANT MARINA MARCHAK TO SHOW CAUSE WITHIN 21 DAYS WHY DEFAULT SHOULD NOT BE ENTERED<br><br>(Doc. 15)<br><br>**14-DAY DEADLINE**<br><br>ORDER DIRECTING CLERK OF THE COURT TO SERVE COURTESY COPY |

      Plaintiff Richard Janoiko ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on June 3, 2024. (Doc. 1). Following screening, this action proceeds on Plaintiff's Eighth Amendment claim for medical indifference to serious medical needs against Defendants Marina Marchak, Steven Galarza, and Vahid Nikzad, all of whom are doctors at Corcoran State Prison ("CSP"). (*See* Doc. 10).

      On April 22, 2025, the Court found service of the complaint appropriate, via the Court's e-service pilot program as to Defendants. (Doc. 11). On May 8, 2025, the California Department of Corrections and Rehabilitation filed its Notice of E-Service Waiver, indicating personal service would be waived on behalf of Defendants Galarza and Nikzad but not on behalf of Defendant

Marchak. (Docs. 13, 14). Therefore, in accordance with the Court's service order, personal service was to be effected on Defendant Marchak by the United States Marshals Service ("USMS").

On June 3, 2025, the USMS filed its USM-285 form indicating that "Sonia Banda, Timekeeping Manager" accepted service of the summons and complaint on behalf of Defendant Marchak on May 20, 2025, at a an address for a business located in Long Beach, California. (Doc. 15). The summons provides that Defendant Marchak is "required to serve … an answer to the complaint which is served on you with this summons, within 21 days after service of this summons on you, exclusive of the day of service" (*i.e.*, June 10, 2025). (Doc. 12); Fed. R. Civ. P. 12(a)(1)(A)(i); *see* (Doc. 15) (answer due 6/10/2025).

More than 21 days have passed since the summons and complaint were served on Defendant Marchak but Defendant Marchak has not filed an answer to the complaint. Accordingly, the Court will require Defendant Marchak to show cause why default judgment should not be entered against him, subjecting him potentially to subsequent award of default judgment in Plaintiff's favor.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Within **14 days** from the date of service of this order, Defendant Marina Marchak shall show cause in writing why default should not be entered against her;
2. To facilitate the ability to comply with this order, Defendant Marina Marchak's obligation to respond to the complaint is extended **14 days** from the date of service of this order; and
3. The Clerk's Office shall serve a courtesy copy of this order on Defendant Marina Marchak at the address listed in the USM-285 form filed on June 3, 2025. (Doc. 15).

**Any failure by Defendant Marchak to timely respond to this order may result in the imposition of sanctions, up to and including the entry of default against her**.

IT IS SO ORDERED.

Dated:   **June 12, 2025**                                                   _____
UNITED STATES MAGISTRATE JUDGE