# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JANOIKO,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCHAK, et al.,<br><br>    Defendants. | Case No.  1:24-cv-00652-CDB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST TO ADD PERSONS AND ENTITIES TO THIS CLAIM, WITHOUT PREJUDICE<br><br>(ECF No. 26) |

Plaintiff Richard Janoiko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Marchak, Galarza, and Nikzad ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for appointment of counsel for an ADA inmate and request on how to add persons and entities to this claim, filed December 15, 2025. (ECF No. 26.)  Plaintiff states that he is mobility disabled due to his tardive dyskinesia ("TD") situation which affects his head and hand movement and his entire being.  He is listed by CDCR as an ADA mobility/vision impaired person.  His vision is due to him having only one eye.  The person aiding Plaintiff with these legal papers is not well versed in civil matters and fears he may cause more harm than help.  There are several persons who Plaintiff believes should and do have liability in Plaintiff's condition and should be added to this civil claim, but Plaintiff is unsure how

1

to bring this in or who would be the proper person to list for certain official positions. Plaintiff lists certain Wardens, Chief Medical Officers, and Directors of CDCR Institutions, as well as certain pharmaceutical companies. Plaintiff requests appointment of an attorney, and if the Court denies his motion, requests that the Court point him towards what technical aspects he needs to follow to add the above-listed persons. (*Id.*)

Defendants have not filed a response to Plaintiff's motion, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from serious mental and physical disabilities who must also conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel and with limited access to the law library.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was screened and found to state cognizable claims, this does not mean that Plaintiff's claims are likely to succeed

on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

With respect to Plaintiff's request for guidance as to how to add defendants to this action, Plaintiff is informed that the Court cannot provide him with legal advice.  However, Plaintiff is informed that generally the addition of new parties to an action requires the filing of an amended complaint, which complies with Fed. R. Civ. P. 8.  Plaintiff is reminded that the deadline for amending the pleadings was November 11, 2025.  (ECF No. 24.)

Accordingly, Plaintiff's motion for appointment of counsel and request to add persons and entities to this claim, (ECF No. 26), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 6, 2026**                         /s/ *Barbara A. McAuliffe*           _
                                                                        UNITED STATES MAGISTRATE JUDGE