UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JANOIKO, | Case No. 1:24-cv-00652-FJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| MARCHAK, *et al.*, | (ECF No. 30) |
| Defendants. | |

Plaintiff Richard Janoiko ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Marchak, Galarza, and Nikzad ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed April 21, 2026. (ECF No. 30.) Plaintiff states that he needs a *pro bono* lawyer appointed because he has ADHD and learning disabilities and cannot defend himself in this matter due to his disabilities. (*Id.*)

The deadline for Defendants to file a response has not yet expired, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

*grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations that, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from serious mental and physical disabilities who must also conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel and with limited access to the law library.

Furthermore, at this stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was screened and found to state cognizable claims, this does not mean that Plaintiff's claims are likely to succeed on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's second motion for appointment of counsel, (ECF No. 30), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **April 23, 2026**

_____
UNITED STATES MAGISTRATE JUDGE