UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JANOIKO, | Case No. 1:24-cv-00652-FJS (PC) |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AS MOTION FOR ENTRY OF DEFAULT (ECF No. 32) |
| v. | |
| MARCHAK, *et al.*, | ORDER DENYING MOTION FOR ENTRY OF DEFAULT (ECF No. 32) |
| Defendants. | |

Plaintiff Richard Janoiko ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Marchak, Galarza, and Nikzad ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

After Defendant Marchak failed to timely file an answer to the complaint, the then-assigned magistrate judge ordered Defendant Marchak to show cause in writing why default should not be entered against her. (ECF No. 17.) On June 25, 2025, Defendants, including Defendant Marchak, filed an answer to the complaint. (ECF No. 18.) Defendant Marchak filed a response to the order to show cause on June 26, 2025. (ECF No. 19.) In light of the filing of an answer from all defendants and Defendant Marchak's response, the court found good cause to discharge the order to show cause. (ECF No. 20.) After the parties failed to agree that an early

settlement conference would be productive, the court issued a discovery and scheduling order on August 11, 2025. (ECF No. 24.)

Currently before the court is Plaintiff's request for entry of default as to Defendant Marchak, filed May 27, 2026. (ECF No. 32.) Plaintiff argues that Defendant Marchak failed to timely respond to the complaint, did not provide a good excuse for her failure, and therefore should be held in default. (*Id.*) The court construes the request as a motion for entry of default as to Defendant Marchak. Although Defendants have not yet had an opportunity to file a response, the court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff's motion is denied. As noted above, Defendants filed an answer to the complaint on June 25, 2025. (ECF No. 18.) Although Defendant Marchak's answer was untimely, the court found good cause to discharge the order to show cause and allow the case to proceed. (ECF No. 20.) As Defendant Marchak has demonstrated her intent to defend this action, the court does not find that Plaintiff has presented any basis to revisit that prior decision. *See* Fed. R. Civ. P. 55(a) (providing that default can be entered against a party only where that party "has failed to plead or otherwise defend"); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (a default judgment is inappropriate if defendant indicates its intent to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment and explaining that "default judgments are ordinarily disfavored").

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for entry of default as to Defendant Marchak, (ECF No. 32), is CONSTRUED as a motion for entry of default; and

2. Plaintiff's motion for entry of default as to Defendant Marchak, (ECF No. 32), is DENIED.

IT IS SO ORDERED.

Dated:    **May 28, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2