UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JANOIKO,<br>Plaintiff,<br>v.<br>MARCHAK, *et al.*,<br>Defendants. | Case No. 1:24-cv-00652-KES-FJS (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(ECF No. 38)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET TRIAL DATE AS PREMATURE<br>(ECF No. 38) |

Plaintiff Richard Janoiko ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Marchak, Galarza, and Nikzad ("Defendants") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On June 18, 2026, Defendants filed a motion for summary judgment on the grounds that Plaintiff cannot establish a violation of the Eighth Amendment premised on medical deliberate indifference, that Defendants are entitled to qualified immunity because Plaintiff cannot establish that they violated clearly established law, and Plaintiff is not entitled to punitive damages because he cannot show the requisite intent. (ECF No. 34.) Plaintiff did not file an opposition.

Currently before the court is Plaintiff's motion, filed September 17, 2026, requesting appointment of counsel and for the court to set a date for a jury trial in this matter. (ECF No. 38.) Plaintiff does not provide any explanation or other support for his requests.

Defendants have not had the opportunity to respond to Plaintiff's motion, but the court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

With respect to Plaintiff's motion for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations that, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners with limited education who must also prosecute their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the court cannot determine whether Plaintiff is likely to succeed on the merits. Defendants' motion for summary judgment, which may resolve this case in its entirety, remains pending, and Plaintiff did not file an opposition. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

With respect to Plaintiff's request for the court to set a trial date in this action, Plaintiff is reminded that Defendants' motion for summary judgment remains pending before the court. Until the court resolves the motion for summary judgment, it is premature to set trial dates in this action. The court will address the motion for summary judgment in due course.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 38), is DENIED, without prejudice; and
2. Plaintiff's motion to set a trial date, (ECF No. 38), is DENIED, as premature.

IT IS SO ORDERED.

Dated: **September 24, 2026**

UNITED STATES MAGISTRATE JUDGE